# Kewtick Corporation of California v. Barre Supply Co., Inc.

Before Flannery, Lewis and Pinola, JJ.

*Edwin H. Sheporwich*, for plaintiff.

*Maurice S. Cantor*, for defendant.

PINOLA, J., October 18, 1949.—Plaintiff brought this action to recover from defendant the sum of $147.73 for merchandise sold and delivered to it.

Defendant admits receiving the merchandise but denies liability therefor because it was not delivered in time for defendant's trade show held November 3 and 4, 1946, and for the further reason that plaintiff failed

to send a demonstrator to the show, all according to the agreement with the salesman.

Plaintiff objects to the answer because: (1) It fails to set forth in paragraph 7 whether the order of the merchandise was oral or in writing, and if in writing, it does not have attached to it a copy of the same; (2) it does not aver whether the understandings and conditions alleged to have been agreed to by plaintiff's salesman were oral or in writing, and if in writing, are not attached thereto, and (3) while defendant avers in paragraph 9 that it promptly notified plaintiff that it refused the merchandise because of plaintiff's alleged defaults and requested shipping instructions, defendant has not averred whether the notice given was oral or in writing, and if oral by whom and to whom it was given, and if in writing copies are not attached as required by the rule.

### Discussion

Pa. R. C. P. 1019 (h) provides:

"A pleading shall state specifically whether any . . . defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof. . . ."

Plaintiff proceeds upon the theory that what was required under section 9 of the Practice Act of May 14, 1915, P. L. 483, is still required under the new rules. This is not correct. If defendant fails to aver that the claim is based upon a writing, it must be assumed that its claim is based upon an oral contract. Only when a claim is based upon a writing need that fact be averred. Therefore, objections 1 and 2 are without foundation and must be dismissed.

Objection 3 must be sustained. Plaintiff is entitled to know to whom and by what method notice was given by defendant that it refused to accept the merchandise

and requested shipping instructions: Rush, Inc., v. Allardyce, 27 Luz. 392; Stafford, Inc., v. Coplan, 28 Luz. 422.

We cannot consider plaintiff's argument that the answer is also insufficient because it fails to set forth that the agent had authority to make the alleged agreements concerning the time of delivery of merchandise and the presence of a demonstrator at the trade show, as this argument is not within the scope of any of the preliminary objections.

Accordingly, we enter the following

### Order

Now, October 18, 1949, plaintiff's preliminary objections 1 and 2 are dismissed, preliminary objection 3 is sustained, and defendant is required to file an amended answer within 20 days from the date hereof, otherwise judgment will be entered for plaintiff.